**ECURIE CERVEZA RACING TEAM, INC., Appellant,**

v.

**TEXAS COMMERCE BANK—SOUTHEAST, Appellee.**

No. B2989.

Court of Appeals of Texas, Houston (14th Dist.).

March. 11, 1982.

Kenneth C. Kaye, League City, for appellant.

W. Keith Lain, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

SAM ROBERTSON, Justice.

This appeal is taken from a summary judgment in favor of appellee, plaintiff below, for the balance due on certain promissory notes and for foreclosure on certain security interests of appellant Ecurie Cerveza Racing Team, Inc. and against appellant Robert Samm as a co-maker of some of the notes and under the terms of a written guaranty agreement. We affirm.

In four subpoints, appellant raises questions which challenge the evidence offered in support of the motion for summary judgment. Our Supreme Court has limited appellate review to those issues "expressly presented to the trial court by written motion, answer or other response . . . ." *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979); Tex.R. Civ.P. 166–A. Accordingly, we have examined appellant's response to the motion for summary judgment and herein consider those issues which were before the trial court.

■ First, appellant complains that neither the original promissory notes and guaranty agreement nor certified copies of such documents were attached to the motion for summary judgment. However, the record reveals that four of the exhibits which were attached to the motion for summary judgment are accompanied by sworn certifications signed before a notary by a loan operations officer for appellee attesting that each is a "true and correct copy." In addition, the affidavit of Douglas Beltz offered in support of the motion states that certified copies of three promissory notes and a continuing guaranty are attached. Tex.R. Civ.P. 166–A(e) requires "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit ... be attached thereto or served therewith." Without expressly approving the manner in which these exhibits were authenticated, we hold the foregoing sufficient to satisfy the requirements of Rule 166–A. *Life Ins. Co. of Virginia v. Gar-Dal Inc.,* 570 S.W.2d 378 (Tex.1978).

Appellants' second contention is that some copies of documents attached to the motion for summary judgment were illegible and, by analogy to suits on a sworn account, they argue the evidence insufficient to support summary judgment. While we find this an interesting argument, the cases cited do not deal with legibility but with "sufficiency," an altogether different question. Moreover, the record before this court contains *copies of the copies* complained of and, hence, does not provide us with sufficient data even to consider this issue.

Appellants' third subpoint complains that no evidence was offered to show execution of the instruments upon which the suit was based. In oral argument, however, appellants' conceded this point; therefore, we do not discuss it here.

■ Finally, appellants contend that the evidence was conclusionary which showed appellee was the holder of the notes, that default had occurred, and established the balance due. While it is true that legal conclusions cannot form the basis for a summary judgment, *Hidalgo v. Surety Savings and Loan Ass'n,* 487 S.W.2d 702, 703 (Tex.1972), we are of the opinion that the statements in the affidavit supporting appellee's motion for summary judgment are not conclusionary.

First, the sworn affidavit states that appellee is the "owner and holder of each of the promissory notes and is presently in possession of the notes." Attached to the affidavit are certified copies of the original. This suffices to establish appellee as owner and holder of the notes. *Life Ins. Co. of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378, 381 (Tex.1978).

Second, appellee's affidavit states appellant "defaulted in payment," not merely that the notes were "in default" as appellant contends. The terms of the three notes vary somewhat as to what constitutes default generally; however, only one condition constitutes default in payment. Thus, we distinguish this case from *Skeen v. Glenn Justice Mtg. Co., Inc.,* 526 S.W.2d 252 (Tex.Civ.App.—Dallas 1975, no writ). In *Skeen,* the terms of the note allowed several acts or omissions to be treated as default in payment. Additionally, the affidavit in *Skeen* did not state that the principal was due nor that demand for payment was made. The affidavit before us today states both of these elements.

Finally, we find the statement of balance due to be specific and sufficient on its face to establish a fact which could be proven at trial. Although appellants' response to the motion for summary judgment and accompanying documentation does deny the accuracy of the amounts stated, the response itself is not sufficient as a plea of payment under Tex.R.Civ.P. 95 and the very wording of the affidavit defeats this claim, stating as it does that appellants cannot state with certainty "what payments were made." This eliminates our consideration of the assertion that they did not default in payment of any note.

For the above reasons, we overrule appellants' point of error and affirm the trial court's judgment.