**J. David BLANKENSHIP II, Appellant,**

v.

**Ronald A. ROBINS, Appellee.**

**No. A14–93–00496–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 1, 1994.

Rehearing Overruled Oct. 13, 1994.

---

Michael Duncan, Raymond L. Britton, Jr., Houston, for appellant.

E. Lawrence Vincent, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## OPINION ON REMAND

MURPHY, Justice.

Appellant, J. David Blankenship II, attacks a summary judgment granted in favor of appellee, Ronald A. Robins, claiming the supporting affidavit is defective. We affirm.[1]

On January 1, 1990, appellant executed two promissory notes in favor of appellee, for the amounts of $40,000.00 and $11,354.71. Each note provided that appellant was to begin payments on January 31, 1991, and if appellant failed to pay any installment, appellee had the right to declare the entire balance of the note, plus unpaid interest, due and payable. Appellant failed to make the required payments on the promissory notes. On June 3, 1991, appellee brought suit against appellant to recover the unpaid balance due on the notes. Appellee subsequently filed a motion for summary judgment. In support of the motion, appellee attached copies of the promissory notes and two affidavits. In his affidavit, appellee stated that he was and had been the sole owner of the notes since they were executed, that appellant "did not make the payments required by the terms of the notes," and that demand had been made on appellant for payment. Appellee also offered the affidavit of Patrice Ferguson, a certified public accountant, who recited the basis for her figures and calculated that the amount due on the notes was $66,488.89, including interest. The trial court granted summary judgment in favor of appellee.

In a single point of error, appellant argues that the trial court erred in granting summary judgment for appellee because appellee's affidavit offered in support of the motion for summary judgment is defective. Specifically, appellant claims that the affidavit only recites a legal conclusion, and therefore does not constitute competent summary judgment proof. We disagree.

Well established rules set the standard of review in a case involving summary judgment:

1. The movant has the burden of showing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue which would pre-

---

1. This Court originally dismissed the appeal for want of jurisdiction. *Blankenship v. Robins,* No. A14–93–00496CV, 1994 WL 26948 (Tex.App.—Houston [14th Dist.] February 3, 1994) (not designated for publication). The Texas Supreme Court reversed, and remanded the case to us for a determination of the merits of the appeal. *Blankenship v. Robins,* 878 S.W.2d 138 (1994).

clude summary judgment, evidence favorable to the non-movant is taken as true. 3. Every reasonable inference from the evidence must be indulged in favor of the non-movant, and any doubts resolved in his favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex. 1984). A movant establishes his entitlement to summary judgment when he conclusively establishes all essential elements of his cause of action as a matter of law. *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex. 1990).

To collect on a promissory note as a matter of law, the holder or payee need only establish that (1) there is a note; (2) he is the legal owner and holder of the note; (3) the defendant is the maker of the note; and (4) a certain balance is due and owing on the note. *Edlund v. Bounds,* 842 S.W.2d 719, 724 (Tex. App.—Dallas 1992, writ denied); *Resolution Trust Corp. v. Thurlow,* 820 S.W.2d 51, 52 (Tex.App.—San Antonio 1991, no writ). When summary judgment proof establishes the above facts, the holder of the note is entitled to recover, unless the maker establishes a defense. *Groschke v. Gabriel,* 824 S.W.2d 607, 610 (Tex.App.—Houston [14th Dist.] 1991, writ denied).

A photocopy of the promissory note, attached to an affidavit in which the affiant swears that the photocopy is a true and correct copy of the original note, is proper summary judgment proof which establishes the existence of the note. *Life Ins. Co. of Virginia v. Gar–Dal, Inc.,* 570 S.W.2d 378, 380 (Tex.1978); *Clark v. Dedina,* 658 S.W.2d 293, 296 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd). The payee establishes ownership of the note when he attests in an affidavit that he is the owner of the note, attaches a sworn "true and correct" copy of the original note to his affidavit, the note shows on its face that it was issued to him, and there is no summary judgment proof showing that the note has ever been pledged, assigned, transferred, or conveyed. *Zarges v. Bevan,* 652 S.W.2d 368, 369 (Tex.1983); *Affiliated Capital Corp. v. Musemeche,* 804 S.W.2d 216, 218 (Tex.App.—Houston [14th Dist.] 1991, writ

denied). When the defendant does not deny the genuineness of his signature on the note, he is established as the maker. *Groschke,* 824 S.W.2d at 610; *Clark,* 658 S.W.2d at 296. Here, all of the foregoing elements have been met. Appellee's affidavit is attached to a photocopy of the original promissory notes executed in his favor, and the affidavit states that the copies are true and correct copies of the notes. The affidavit also states that appellee is the sole owner and holder of the notes, and they have never been assigned, transferred, pledged, or delivered to another. Finally, appellant never denies that his signature appears on the notes, or that he is the maker of the notes.

At issue in this case is whether appellee has established as a matter of law that a balance was due and owing on the note. Appellant contends that appellee's statement in the affidavit that appellant "did not make the payments required by the terms of the notes" is a conclusory allegation that cannot support a summary judgment. Appellant is incorrect. In *Ecurie Cerveza Racing Team, Inc. v. Texas Commerce Bank–Southeast,* 633 S.W.2d 574 (Tex.App.—Houston [14th Dist.] 1982, no writ), this Court found that an affidavit stating that the defendant "defaulted in payment" was not conclusory, when only one condition in the promissory note constituted default in payment, and the affidavit specifically stated the balance due, and that demand for payment had been made. *Id.* at 575. *See also Sparks v. Cameron Employees Credit Union,* 678 S.W.2d 600, 603 (Tex.App.—Houston [14th Dist.] 1984, no writ) (finding statement in affidavit of balance due and that the plaintiff had performed all conditions required by the note, was not conclusory and supported summary judgment).

Appellee's statement that appellant did not make the payments on the note is not a legal conclusion that appellant is "in default." Rather, it is a fact that if stated on the witness stand at a trial would be admissible and competent proof. Therefore, the statement is competent summary judgment proof. *Wales v. Williford,* 745 S.W.2d 455, 458 (Tex. App.—Beaumont 1988, writ denied). Further, the affidavit of appellee's accountant

stated that a specific principal balance plus interest was due and owing on the notes, according to the terms stated within the notes. This statement is also not conclusory. *8920 Corp. v. Alief Alamo Bank*, 722 S.W.2d 718, 720 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). We hold that appellee's affidavit is competent and sufficient to support the summary judgment. Therefore, appellee's summary judgment proof establishes that a balance on the note was due and owing, the final element necessary to entitle him to collect on the promissory notes as a matter of law. *See Groschke*, 824 S.W.2d at 610. When the movant proves that he is entitled to judgment as a matter of law by conclusively establishing all of the elements of his cause of action, the trial court does not err in granting summary judgment. *Black*, 797 S.W.2d at 27.

The judgment of the trial court is affirmed.