Opinion Issued March 17, 2005









     



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00926-CV




CHARLEY C. GANDARA, INDIVIDUALLY AND D/B/A 
C J C METALS COMPANY, Appellant

V.

JP MORGAN CHASE BANK, F/K/A THE CHASE MANHATTAN BANK,
SUCCESSOR IN INTEREST BY MERGER TO CHASE BANK OF TEXAS,
N.A., SUCCESSOR IN INTEREST TO TEXAS COMMERCE BANK, N.A.,
Appellee




On Appeal from County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 774872




 

MEMORANDUM OPINION
          Appellant, Charley C. Gandara, appeals the judgment of the trial court granting
summary judgment on behalf of appellee, JP Morgan Chase Bank (“ the Bank”). We
determine whether the trial court erred in granting summary judgment based on
appellant’s contentions that (1) genuine issues of material fact remain; (2) the Bank’s
supporting affidavit constituted hearsay; (3) the Bank failed to support its affidavit
with anything other than conclusory statements; and (5) appellant was denied the
opportunity to conduct discovery. We affirm.
Background
          On June 12, 1997, appellant and Jaime Gandara, appellant’s brother, executed
a promissory note and related guaranty agreements. The note stated on its face that
appellant and Jaime Gandara were jointly and severally liable for all amounts
advanced under the note. On June 25, 2002, the Bank filed its original petition
against appellant, individually and d/b/a C J C Metals Co., as well as against Jaime
Gandara, alleging that they had defaulted on the promissory note. 
          On April 9, 2003, the trial court entered a default judgment as to Jaime
Gandara, but the Bank had not yet served appellant. After being served, appellant
responded to the Bank’s petition on May 5, 2003, generally denying the Bank’s
allegation that he had defaulted on the promissory note, seeking entitlement to Texas
Rule of Civil Procedure 245


 notice, and stating a special exception and an
affirmative defense. The Bank moved for summary judgment on May 8, 2003. In
support of its motion, the Bank attached the affidavit of Victoria Harold, assistant
treasurer of the Bank. The trial court set a hearing on the motion for May 30, 2003. 
On the date of the hearing, the hearing was reset for June 6, 2003, at which time the
trial court granted the Bank’s motion for summary judgment. 
Defendant’s Liability
          In his first and second points of error, appellant contends that the trial court
erred in rendering summary judgment in favor of the Bank because genuine issues of
material fact remained. Specifically, appellant contends that the Bank never brought
forth evidence to show the date on which he had allegedly defaulted, the amounts of
principal in default, or the interest calculated; thus, appellant asserts that genuine
issues of material fact remain regarding the validity and amount of the debt owed to
the Bank. 
          When reviewing summary judgment, we follow well-established rules: (1) the
movant has the burden of showing that there exists no genuine issue of material fact
and that he is entitled to judgment as a matter of law; (2) in deciding whether there
is a disputed material fact issue that would preclude summary judgment, evidence
favorable to the non-movant is taken as true; and (3) every reasonable inference from
the evidence must be indulged in favor of the non-movant, and any doubts must be
resolved in his favor. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690
S.W.2d 546, 548-49 (Tex. 1985); Montgomery v. Kennedy, 669 S.W.2d 309, 310-11
(Tex. 1984). A movant establishes his entitlement to summary judgment when he
conclusively establishes all essential elements of his cause of action as a matter of
law. Black v. Victoria Lloyds Ins. Co., 797 S.W.2d 20, 27 (Tex. 1990).
          To collect on a promissory note as a matter of law, the holder or payee need
establish only that (1) there is a note; (2) the holder or payee is the legal owner and
holder of the note; (3) the defendant is the maker of the note; and (4) a certain
balance is due and owing on the note. Edlund v. Bounds, 842 S.W.2d 719, 724 (Tex.
App.—Dallas 1992, writ denied); Resolution Trust Corp. v. Thurlow, 820 S.W.2d 51,
52 (Tex. App.—San Antonio 1991, no writ). When summary judgment proof
establishes the above facts, the holder of the note is entitled to recover unless the
maker establishes a defense. Groschke v. Gabriel, 824 S.W.2d 607, 610 (Tex.
App.—Houston [14th Dist.] 1991, writ denied).
          A photocopy of the promissory note attached to an affidavit in which the affiant
swears that the photocopy is a true and correct copy of the original note is proper
summary judgment evidence of the note. Life Ins. Co. of VA v. Gar-Dal, Inc., 570
S.W.2d 378, 380 (Tex. 1978); Blankenship v. Robins, 899 S.W.2d 236, 238 (Tex.
App.—Houston [14th Dist.] 1994, no writ); Clark v. Dedina, 658 S.W.2d 293, 296
(Tex. App.—Houston [1st Dist.] 1983, writ dism’d). The payee establishes
ownership of the note (1) when the payee attests in an affidavit that it is the owner of
the note and attaches a sworn “true and correct” copy of the original note to the
affidavit; (2) the note shows on its face that it was issued to the payee; and (3) there
is no summary judgment proof showing that the note has ever been pledged, assigned,
transferred, or conveyed. Blankenship, 899 S.W.2d at 238. When the defendant does
not deny the genuineness of his signature on the note, he is established as the maker. 
Id. To establish that a balance was due and owing on the note, a statement in the
affidavit that the Bank had performed all conditions required by the note and the
amount of balance due was sufficient. See id. at 238-39. 
          In this case, all of the foregoing elements were met. The Bank’s supporting
affidavit was attached to a photocopy of the original promissory note executed in its
favor, and the affidavit stated that the copy was a true and correct copy of the note. 
The affidavit also stated that the Bank was the owner and holder of the note. 
Appellant never denied that his signature appeared on the note or that he was the
maker of the note. Finally, the supporting affidavit stated that the Bank had
performed all conditions required by the note and that a certain balance remained due
and owing. Thus, the Bank established as a matter of law that it was entitled to
recover under the note. See Edlund, 842 S.W.2d at 724.
          Contrary to appellant’s assertion, the Bank was not required to present proof
regarding the date on which he defaulted; the Bank needed to prove only that there
was a note, that it was the legal owner and holder of the note, that appellant was the
maker of the note, and that a certain balance was due and owed on the note. See id.
Because the Bank established all of the elements of its claim as a matter of law, and
because appellant failed to challenge the statements made in the Bank’s supporting
affidavit to raise an issue of fact, the trial court properly rendered summary judgment.
See Blankenship, 899 S.W.2d at 238; 8920 Corp. v. Alief Alamo Bank, 722 S.W.2d
718, 720 (Tex. App.—Houston [14th Dist.] 1986, writ ref’d n.r.e). 
          We overrule appellant’s first and second points of error.
Hearsay
          In his third point of error, appellant contends that the trial court erred in
granting summary judgment because the Bank failed to support its claims against
appellant with evidence other than inadmissible hearsay; thus, appellant contends that
genuine issues of material fact remain. Specifically, appellant contends that, because
the Bank’s supporting affidavit failed to authenticate the attached note by way of the
business-records exception to the hearsay rule, the affidavit constituted hearsay. 
          Objections to hearsay or improper authentication in an affidavit are complaints
as to form. Rizkallah v. Conner, 952 S.W.2d 580, 589 (Tex. App.—Houston [1st
Dist.] 1997, no pet.); Wilson v. Gen. Motors Acceptance Corp., 897 S.W.2d 818, 821-22 (Tex. App.—Houston [1st Dist.] 1994, no writ). Appellant was required to obtain
a ruling on his objection as to the form of the Bank’s supporting affidavit to preserve
the complaint. See Tex. R. App. P. 33.1; Rizkallah, 952 S.W.2d at 589. Appellant
raised his objection to the Bank’s supporting affidavit in the trial court. However,
there is no record of a trial court ruling on that objection; nor is there any reference
to the objection or to the competency of the evidence in the order of the trial court. 
Therefore, nothing in the record demonstrates that the trial court ruled on appellant’s
objection. See Rizkallah, 952 S.W.2d at 589. Because appellant failed to obtain a
ruling on his objection in the trial court, he waived his objection as to the form of the
Bank’s affidavit. See id.
          We overrule appellant’s third point of error.
Conclusory Statements
          In his fourth point of error, appellant contends that the trial court erred in
granting summary judgment because the Bank failed to support the claim in its
affidavit with anything other than conclusory statements. Specifically, appellant
contends that, within the Bank’s supporting affidavit, the statements (1) that appellant
defaulted, (2) that all conditions precedent were satisfied, (3) that the Bank had
perfected its security interest, and (4) that appellant was liable for the principal
balance plus interest were conclusory; as such, the statements were inadequate to
meet the movant’s summary judgment burden of establishing uncontrovertible facts. 
Appellant also asserts that the Bank’s supporting affidavit was not the “best
evidence” regarding satisfaction of conditions precedent. 
          When summary judgment proof shows that a note exists, that the plaintiff is the
owner and holder of the note, that the defendant is the maker of the note, and that a
certain balance is owed and due on the note, the plaintiff is entitled to summary
judgment unless the defendant raises a defense. Edlund, 842 S.W.2d at 724. We
have previously held that the Bank established all of these elements as a matter of
law. Because appellant failed to present evidence controverting the Bank’s prima
facie case, the Bank was not required to prove that all conditions precedent had been
satisfied or that it had perfected its security interest in order to prevail on its claim. 
          Moreover, the Bank’s assertions in its affidavit that appellant had defaulted and
that appellant was liable for the balance plus principle were not conclusory. A
statement in an affidavit that the maker is in default and that a balance remains unpaid
and owed is not conclusory. Ecurie Cerveza Racing Team, Inc. v. Tex. Commerce
Bank–Southeast, 633 S.W.2d 574, 575 (Tex. App.—Houston [14th Dist.] 1982, no
writ). Thus, we hold that the Bank’s affidavit was competent summary judgment
evidence. See Blankenship, 899 S.W.2d at 238. 
          Appellant also asserts that the Bank’s affidavit was not the best evidence of the
matters sought to be established therein. An objection that evidence is not the “best
evidence” is a complaint regarding form. Rizkallah, 952 S.W.2d at 589. Thus,
appellant was required to obtain a ruling on his objection. See Tex. R. App. P. 33.1;
Rizkallah, 952 S.W.2d at 589. Because appellant failed to obtain a ruling, he has
waived his complaint regarding best evidence. See id. 
          We overrule appellant’s fourth point of error. 
Summary Judgment Hearing
          In his fifth point of error, appellant contends that the trial court erred in
granting summary judgment in favor of the Bank because he was denied the
opportunity to conduct discovery or to otherwise prepare an adequate defense by not
being given adequate time to prepare before the hearing. Appellant concedes that the
hearing was reset until June 6, 2003, 31 days after his original answer was filed, but
contends that the hearing should not have been set earlier than 45 days after his initial
appearance. 
          Texas Rule of Civil Procedure 166a(c) requires that a motion for summary
judgment and any supporting affidavits be filed and served at least 21 days before the
time specified for hearing. Tex. R. Civ. P. 166a(c). If the motion is mailed, a party
is allowed an additional three days, and the hearing may not be held before 24 days
have elapsed. Lewis v. Blake, 876 S.W.2d 314, 315 (Tex. 1994). In computing any
period of time, the day of the act is not to be included. Tex. R. Civ. P. 4. The last day
of the period is to be included, unless it is a Saturday, Sunday, or legal holiday, in
which case the period runs until the end of the next day that is not a Saturday,
Sunday, or legal holiday. Id. Saturdays, Sundays, and legal holidays are not counted
for any purpose in any time period of five days or fewer in the rules, except for the
purpose of the three-day periods in rules 21 and 21a. Id.
          The provisions of Rule 166a, including its notice requirements, are strictly
construed because summary judgment is a harsh remedy. Williams v. City of
Angleton, 724 S.W.2d 414, 417 (Tex. App.—Houston [1st Dist.] 1987, writ ref’d
n.r.e.), overruled on other grounds by Lewis, 876 S.W.2d at 315. In particular, the
notice provisions of the rule are intended to prevent the rendition of a judgment
without the opposing party’s having had a full opportunity to respond on the merits. 
Id. 
          Appellant misplaces his reliance on rule 245, which pertains to assignment of
cases for trial, not to summary judgment hearings. Tex. R. Civ. P. 245. In the present
case, the Bank’s motion for summary judgment was filed and served on appellant by
both mail and telephonic facsimile on May 8, 2003. Originally, the hearing on the
motion for summary judgment was scheduled to take place on May 30, 2003, 22 days
after the Bank had filed and served its motion on appellant. The hearing on the
motion was reset for June 6, 2003, however—29 days after the motion was filed and
served. Thus, appellant had adequate notice under rule 166a(c), which requires 24
days, at most, of the date of the hearing on the summary judgment motion. See Tex.
R. Civ. P. 166a(c).
          We overrule appellant’s fifth point of error. 
Conclusion
          We affirm the judgment of the trial court.     

 
 
                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.