**AFFIRM; and Opinion Filed March 19, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00165-CV

**VINCE POSCENTE INTERNATIONAL, INC.,**
**VINCE POSCENTE, AND MICHELLE POSCENTE, Appellants**
**V.**
**COMPASS BANK, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-02889-2011**

## OPINION

Before Chief Justice Wright, Justice Stoddart, and Justice Schenck
Opinion by Justice Schenck

In a previous appeal, we reversed a summary judgment in favor of appellee Compass Bank (Compass) and remanded the cause to the trial court. *See Vince Poscente Int'l, Inc. v. Compass Bank*, No. 05-11-01645-CV, 2013 WL 1320511 (Tex. App.—Dallas Mar. 28, 2013, no pet.) (mem. op.). On remand, Compass again moved for summary judgment. The trial court granted the motion. In five issues, appellants Vince Poscente International, Inc., Vince Poscente, and Michelle Poscente (the Poscentes) complain the trial court's ruling was error. We affirm the trial court's judgment.

BACKGROUND

Vince Poscente International, Inc. (VPI)[1] executed a promissory note to Compass dated September 22, 2009, in the amount of $144,951.63. Vince and Michelle Poscente, owners of VPI, signed the promissory note on VPI's behalf. Vince and Michelle Poscente also each signed a continuing guaranty to secure the debt. In 2011, Compass sued the Poscentes for amounts it alleged were due and owing under the note and guaranties.

Compass moved for summary judgment, alleging that the note was in default, the account had been accelerated, and Compass was entitled to recover damages of $138,646.37, plus interest and attorney's fees. The trial court granted the motion, and the Poscentes appealed, asserting among other issues that the affidavit of Paula Shaw submitted by Compass in support of its motion was not competent evidence. *See id.* at *1. In the previous appeal, we concluded that Shaw's affidavit was legally insufficient because it did not show the basis for Shaw's personal knowledge. *Id.* at *4–5.

On remand, Compass filed an amended motion for summary judgment, submitting a new affidavit, by Robert Graham, in support of its motion. The Poscentes filed a response, asserting among other complaints that Graham's affidavit showed, without explanation, a lower balance due on the promissory note than the balance shown two years earlier in the Shaw affidavit. Compass then filed a supplemental affidavit of John Lehman. Lehman explained that the Graham affidavit contained an error. Graham stated that the "payoff" balance—meaning the outstanding principal and accumulated interest—on the promissory note was $130,488.54, when that figure was actually only the "principal" balance. Lehman explained that the actual payoff

---

[1] Although the promissory note and guaranties list the borrower as Vince Poscente International, the pleadings in this case refer to Vince Poscente International, Inc. As in our previous opinion, we refer to Vince Poscente International, Inc. for consistency. *See id.* at *1 n.1.

balance was $135,263.46. The trial court rendered summary judgment for Compass in this amount, plus statutory pre- and post-judgment interest and attorney's fees. This appeal followed.

**STANDARD OF REVIEW**

We review the granting of a summary judgment de novo. *Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 358 (Tex. App.—Dallas 2007, pet. denied). The movant for a traditional summary judgment has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In deciding whether there is a disputed fact issue precluding summary judgment, we take evidence favorable to the nonmovant as true, indulging every reasonable inference in favor of the nonmovant; we resolve any doubts in the nonmovant's favor. *Nixon*, 690 S.W.2d at 548–49. Once the movant establishes its right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *Kyle*, 232 S.W.3d at 358.

**DISCUSSION**

To prevail on its motion for summary judgment against VPI, Compass was required to prove the note in question; that VPI signed the note; that Compass is the legal owner and holder of the note; and that a certain balance is due and owing on the note. *See TrueStar Petroleum Corp. v. Eagle Oil & Gas Co.*, 323 S.W.3d 316, 319 (Tex. App.—Dallas 2010, no pet.). Compass had the burden to prove all elements of its claim as a matter of law. *Id.* To prevail on its motion against the Poscentes, Compass was required to conclusively establish the existence and ownership of the guaranties; its performance of the terms of the guaranties; the occurrence of the condition on which liability is based; and the guarantors' failure or refusal to perform the promise. *See Stone v. Midland Multifamily Equity REIT*, 334 S.W.3d 371, 378 (Tex. App.—Dallas 2011, no pet.). When summary judgment proof establishes these elements, the holder of

the note or guaranty is entitled to recover, unless the maker or guarantor establishes a defense. *See Blankenship v. Robins*, 899 S.W.2d 236, 238 (Tex. App.—Houston [14th Dist.] 1994, no writ).

Compass submitted the Graham and Lehman affidavits to establish the elements of its causes of action. Unlike the Shaw affidavit, the Graham and Lehman affidavits describe how Graham and Lehman obtained personal knowledge of the facts to which they testified. Graham verified that true and correct copies of the note and guaranties were attached to his affidavit. He testified that Compass is the owner and holder of the note and guaranties, and that the Poscentes defaulted by failing to tender payments when due. He testified that the account had been accelerated, and stated the amount due. Lehman corrected Graham's error in the amount due, attaching supporting documents from Compass's records showing the amount borrowed, the payment history, and the credits applied, and explaining Graham's error. Compass therefore established its right to judgment as a matter of law on the note and guaranties, unless the Poscentes established a defense. *See True Star*, 323 S.W.3d at 319; *Stone*, 334 S.W.3d at 378; *Blankenship*, 899 S.W.2d at 238.

The Poscentes, however, raise five issues contending that Compass is not entitled to judgment as a matter of law. Notably, none of the Poscentes' issues seek to substantiate either a genuine or material dispute as to their liability or a defense that would yield a different judgment below. The first two issues challenge the form of Compass's proof of the indebtedness and its amount. In the remaining issues, the Poscentes allege that fact issues exist precluding summary judgment. We address these issues in turn.

**1. Amount owed under the note and guaranties**

In their first issue, the Poscentes challenge the court's entry of summary judgment based on a claimed fact issue as to the amount of damages. The Poscentes do not point to evidence of

an amount they urge correctly reflects the quantum of damages or explain why this alleged dispute as to the amount of damages would result in the wholesale reversal of the summary judgment they seek on appeal. *See* TEX. R. CIV. P. 166a(c) ("The judgment sought shall be rendered forthwith if" the summary judgment record shows "*except as to the amount of damages*, there is no genuine issue as to any material fact . . ." [emphasis added]). Instead, they contend that the Compass summary judgment affidavits conflict with each other, raising fact issues as to the amount owed under the note and guaranties rendering summary judgment improper. They argue that even if the Lehman affidavit corrects the error in the Graham affidavit, the Lehman affidavit is in conflict with the Shaw affidavit. In the earlier appeal of this case we determined, at the Poscentes' urging, that the Shaw affidavit was not competent summary judgment evidence and reversed the earlier judgment on that basis.

Despite their earlier argument, our prior judgment, and the law-of-the-case implications they carry, the Poscentes now contend that the Shaw affidavit is competent evidence sufficient to create a genuine factual dispute to preclude summary judgment. They cite several cases for the proposition that an amended summary judgment filing "does not preclude the consideration of the summary judgment evidence attached to the original . . . ." *E.g., Dixie Dock Enters. v. Overhead Door Corp.*, No. 05-01-00639-CV, 2002 WL 244324, at *3 (Tex. App.—Dallas Feb. 21, 2002, no pet.) (not designated for publication). The Poscentes' cases, however, do not address consideration of affidavits found legally insufficient in a previous appeal. *See, e.g., id.* (only issue was whether affidavit attached to original response could be considered in support of amended response; no challenge to legal sufficiency of affidavit itself).

In our previous opinion, we concluded that the statements in Shaw's affidavit regarding the amounts due under the note and guaranties "amount to no evidence." *Vince Poscente Int'l, Inc.*, 2013 WL 1320511, at *5. Having obtained reversal of the trial court's original summary

judgment on the ground that Shaw's affidavit was legally insufficient, the Poscentes may not rely on the affidavit now to raise a fact issue precluding summary judgment. *See, e.g., Gotham Ins. Co. v. Warren E&P, Inc.*, No. 12-0452, 2014 WL 1190049, at *3 n.8 (Tex. Mar. 21, 2014) (court of appeals is ordinarily bound by its initial determination in subsequent appeal); *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003); *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam) (conclusory affidavit was insufficient to raise fact issue precluding summary judgment). We overrule the Poscentes' first issue.

### 2. Proof of the note

In their second issue, the Poscentes argue that summary judgment under the guaranty was precluded because Compass did not submit the original promissory note in its summary judgment proof,[2] in violation of Rule 4.1 of the rules of practice for the district courts in Collin County. *See* Collin County (Tex.) Rules of Practice—District Courts, R. 4.1.[3] The Poscentes made this complaint in their summary judgment responses, but never filed a verified denial. *See* TEX. R. CIV. P. 93(7) (requiring verified denial of execution of any instrument in writing; absent sworn plea, instrument "shall be received in evidence as fully proved"); *see also Boyd v. Diversified Fin. Sys.*, 1 S.W.3d 888, 891 (Tex. App.—Dallas 1999, no pet.) (under rule 93(7), note and guaranty admissible where defendant did not deny execution of instruments under oath). In the only summary judgment affidavit offered by the Poscentes, Vince Poscente did not deny that he executed the note and guaranty or challenge the authenticity of the copies attached to Graham's affidavit.

---

[2] The Poscentes lodge an argument that has been repeated regularly in connection with a variety of foreclosure proceedings, colloquially described as the "wet ink signature" or "show me the note" theory. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253–54 (5th Cir. 2013) (rejecting argument that the original signed note must be produced in order to foreclose)..

[3] Local Rule 4.1, entitled "Suits on Promissory Notes," provides:

> In any case involving a suit on a promissory note, the original of the note sued on must be offered and admitted into evidence before any judgment thereon will be rendered, subject, however, to good cause shown and pursuant to Rule 1003, Texas Rules of Civil Evidence. The original of the promissory note shall thereafter remain in the custody of the Court.

Rule 3a of the Texas Rules of Civil Procedure addresses the adoption of local rules. *See* TEX. R. CIV. P. 3a. Subsection (1) requires "that any proposed rule or amendment shall not be inconsistent with these rules." TEX. R. CIV. P. 3a(1). Subsection (6) provides that "no local rule . . . other than local rules and amendments which fully comply with all requirements of this Rule 3a, shall ever be applied to determine the merits of any matter." TEX. R. CIV. P. 3a(6); *see also Polk v. Sw. Crossing Homeowners Ass'n*, 165 S.W.3d 89, 93 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (no court in Texas is authorized or empowered to enact or amend rules of civil procedure inconsistent with rules promulgated by supreme court).

Under rule 1003 of the Texas Rules of Evidence, which is embraced in Local Rule 4.1, "[a] duplicate is admissible to the same extent as an original unless (1) a question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." TEX. R. EVID. 1003. Further, extrinsic evidence of authenticity is not a condition precedent to the admissibility of business records accompanied by an affidavit meeting the requirements of rule 902(10) of the Texas Rules of Evidence. *See* TEX. R. EVID. 902(10). Graham's affidavit attaching copies of the note and guaranties meets these requirements. And rule 166a(c) of the Texas Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith" if the pleadings, discovery responses, admissions, affidavits, stipulations, and other records specified in the rule "show that, except as to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response." TEX. R. CIV. P. 166a(c). A photocopy of a promissory note, attached to an affidavit in which the affiant swears that the photocopy is a true and correct copy of the original note, is proper summary judgment proof which establishes the existence of the note. *Blankenship*, 899 S.W.2d at 238.

Relying on a footnote in *In re Columbia Medical Center of Las Colinas, Subsidiary, L.P.*, the Poscentes argue that Compass failed to show "good cause" for admission of copies of the note as required by Local Rule 4.1. *See* 290 S.W.3d 204, 210 n.3 (Tex. 2009) (stating that "good cause" in context of rule governing new trials "does not mean just any cause"). Local Rule 4.1 calls for an original promissory note, permitting use of a photocopy for good cause shown *and* pursuant to Rule of Evidence 1003. We understand the Poscentes to read this language not as two independent bases for resort to a duplicate, but as adding a good cause requirement on any invocation of Rule 1003 in cases to which the Local Rule applies. We cannot apply Local Rule 4.1, however, to conflict with the well-established rules of civil procedure and evidence providing that (1) in the absence of a verified denial, an instrument "shall be received in evidence as fully proved," *see Boyd*, 1 S.W.3d at 891; (2) a duplicate is admissible "to the same extent as an original" absent questions as to authenticity or fairness, *see* TEX. R. EVID. 1003;[4] (3) extrinsic evidence of authenticity is not a condition precedent to business records accompanied by the requisite affidavit, *see* TEX. R. EVID. 902(10); and (4) summary judgment "shall be rendered forthwith" if the pleadings, affidavits, and other specified documents show that the moving party is entitled to judgment as a matter of law, *see* TEX. R. CIV. P. 166a(c). *See also Valls v. Johanson & Fairless, L.L.P.*, 314 S.W.3d 624, 629 n.5 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (refusing to apply local rule "in such a fashion as to trump Rule 166a(c)" by altering summary judgment burdens). We overrule the Poscentes' second issue.

---

[4] Prior to the adoption of the Rules of Evidence, this Court read the predecessor of Rule 1003 as placing the burden of demonstrating an exception to the rule permitting admission of a duplicate on the opponent of the admission. *Holloway v. Holloway*, 671 S.W.2d 51, 56 (Tex. App.—Dallas 1983, writ dismissed) (applying TEX. REV. CIV. STAT. article 3731c). The text of the adopted rule, which is identical to its federal counterpart, appears to maintain that requirement. *Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 646 (Tex. 1995) (absent challenge to authenticity "submission of a copy is not grounds for rejecting it"); *United States v. Georgalis*, 631 F.2d 1199, 1205 (5th Cir. 1980) (duplicate may be admitted "unless opposing counsel meets the burden of showing that there is a genuine issue as to the authenticity of the unintroduced original, or as to the trustworthiness of the duplicate, or as to the fairness of substituting the duplicate for the original").

### 3. Lack of evidentiary support for conclusions in motion

In their third issue, the Poscentes complain that the trial court erred in granting summary judgment because Compass's motion "relied on material factual conclusions" for which Compass "failed to even attempt to provide competent evidentiary support." The Poscentes identify two such conclusions: (1) "Compass Bank has no intent in pursuing execution against any property which is properly exempted under Texas law"; and (2) "Compass Bank chooses to sue the individual Defendants on their Continuing Guaranties." Because these statements relate to the Poscentes' fourth and fifth issues, we address them below. For the reasons we discuss, summary judgment was proper regardless of whether there was evidentiary support for these conclusions. We overrule the Poscentes' third issue.

### 4. Homestead waiver provisions

In their fourth issue, the Poscentes argue that their guaranties are unenforceable because they contain homestead waiver provisions that contravene Texas law. Among other waiver provisions, each guaranty states: "Each guarantor waives all rights of redemption, homestead, and other rights or exemptions of every kind, whether arising under common law or statute." Each guaranty also includes a provision regarding the inclusion of invalid terms:

> If any of the provisions of this Guaranty or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of the provisions of this Guaranty . . . shall not be affected thereby, and every provision of this Guaranty shall be valid and enforceable to the fullest extent permitted by law.

The Poscentes argue (1) the homestead waiver is illegal and unconstitutional in Texas; and (2) there is a fact issue whether the illegal provision is severable. They rely on our opinion in *Rogers v. Wolfson*, 763 S.W.2d 922, 924 (Tex. App.—Dallas 1989, writ denied). Compass does not argue the homestead waiver is enforceable, but contends that summary judgment was proper because the provision was severable.

An illegal provision of a contract may generally be severed as long as it does not constitute the essential purpose of the agreement. *In re Poly-America, L.P.*, 262 S.W.3d 337, 360 (Tex. 2008). Whether or not the invalidity of a particular provision affects the rest of the contract depends upon whether the remaining provisions are independent or mutually dependent promises, which courts determine by looking to the language of the contract itself. *Id.* The relevant inquiry is whether or not the parties would have entered into the agreement absent the unenforceable provisions. *Id.* Where the invalid provisions are "only a part of the many reciprocal promises in the agreement" and "[do] not constitute the main or essential purpose of the agreement," courts have allowed severance of illegal contract provisions. *Id.* (quoting *Williams v. Williams*, 569 S.W.2d 867, 871 (Tex. 1978)).

In *Rogers*, defendant/appellee Wolfson obtained summary judgment on the ground that his contract with the plaintiffs could not be enforced because it contained a provision that violated Texas antitrust law. *See Rogers*, 763 S.W.2d at 925. We reversed this judgment on appeal, explaining that if the subject matter of a contract is legal, and only an ancillary provision is illegal, the illegal provision may be severed and the remainder of the contract enforced. *Id.* at 924. We explained, "[o]n this point, the issue is whether Wolfson and the Rogers would have entered into the agreement absent the illegal parts." *Id.* at 926. We reversed the trial court's summary judgment in favor of Wolfson, concluding that a fact issue existed on the issue of severability. *Id.* at 925–26. In *Rogers*, however, there was no express provision in the parties' agreement that if any provision was invalid, all other provisions remained enforceable. *See id.* at 925 ("Wolfson responds that the contract contained no severability clause . . . .").

Relying on *Rogers*, the Poscentes argue that a fact issue exists regarding whether the parties would have entered into the guaranties absent the homestead waiver provision. In his summary judgment affidavit, Vince Poscente testified: "When [Compass] presented me with a

–10–

guaranty document, I recall it had a homestead waiver provision in it. Although I would have preferred not to have a homestead waiver in any of the bank documents, both the note and the guaranty were presented by Plaintiff as non-negotiable form documents." He also testified, "The guaranty was required by [Compass] as a condition of entering into the note agreement." The Poscentes argue that although Compass stated in its motion that it did not intend to pursue execution against exempt property, this statement was not supported by any evidence and did not controvert Vince Poscente's testimony that the homestead waiver was a non-negotiable term of the guaranty.

We disagree that the Poscentes raised a fact issue as to severability. The homestead waiver provision did not "constitute the essential purpose of the agreement"; the purpose of the guaranties was to secure the indebtedness created by the promissory note. *See Panasonic Co. v. Zinn*, 903 F.2d 1039, 1041 (5th Cir. 1990) (citing *Rogers*, 763 S.W.2d at 924, and *Williams*, 569 S.W.2d at 871). As the court in *Panasonic Co.* stated:

> The homestead waiver provision clearly is not an essential feature of the guaranty. The essential purpose of the guaranty was for Panasonic to extend ECI an open account credit line on Zinn's promise to repay the debt. The homestead waiver provision is ancillary and merely provides additional security for Zinn's obligation.

*Panasonic Co.*, 903 F.2d at 1041–42. Therefore, the homestead waiver provision was severable. *Id.* at 1042. Especially where the contract itself expressly contemplates and provides for the severance of an illegal provision, the valid portion of the contract may be enforced. *See Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 722 (5th Cir. 1995). We overrule the Poscentes' fourth issue.

### 5. Conflicting choice of law provisions

In their fifth issue, the Poscentes contend that the trial court erred in granting summary judgment because the guaranties and the promissory note contain inconsistent choice of law

provisions "requiring a factual inquiry to resolve." The promissory note provides for application of federal and Texas law, while the guaranties provide for the application of Alabama law. The Poscentes contend that Compass's attempt to avoid the conflict by "choosing" to sue only on the guaranties is not supported by the record. They argue that Compass sued on both obligations, raising fact issues that must be resolved in order to determine which state's law applies.

Although the Poscentes asserted this argument in their summary judgment response, they did not argue that Alabama law differs from Texas law or furnish any information to the trial court upon which the trial court could take judicial notice of an applicable or conflicting provision of Alabama law. *See* TEX. R. EVID. 202 (court may take judicial notice of law of another state; party requesting that judicial notice be taken "shall furnish the court sufficient information to enable it properly to comply with the request"). Unless a party requests the court to take judicial notice of or introduces proof of another state's law, or the court on its own motion takes judicial notice of another state's law, the court presumes the other state's law is the same as Texas law. *Keene Corp. v. Gardner*, 837 S.W.2d 224, 227 (Tex. App.—Dallas 1992, writ denied) (citing *Ogletree v. Crates*, 363 S.W.2d 431, 435 (Tex. 1963)); *see* TEX. R. APP. P. 33.1.

In their summary judgment response and in their appellate brief, the Poscentes rely on three cases to support their argument that the conflicting choice of law provisions present a fact question precluding summary judgment. *See Saturn Capital Corp. v. Dorsey*, No. 01-04-00626-CV, 2006 WL 1767602 (Tex. App.—Houston [1st Dist.] June 29, 2006) (pet. denied) (mem. op.); *Georgetown Assocs., Ltd. v. Home Fed. Sav. & Loan Ass'n*, 795 S.W.2d 252 (Tex. App.—Houston [14th Dist.] 1990, writ dism'd w.o.j.), and *Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202 (Tex. 2000). In each of these cases, the courts undertook a choice of law analysis because the parties raised a specific conflict between Texas law and the law of

another state on a contested issue.  *See Saturn Capital Corp.*, 2006 WL 1767602, at *2 (conflict between Oregon and Texas usury law); *Georgetown Associates, Ltd.*, 795 S.W.2d at 253–54 (conflict between California and Texas law regarding deficiency judgments); *Hughes Wood Products, Inc.*, 18 S.W.3d at 204 (conflict between Louisiana and Texas worker's compensation law).  No such conflict was raised here.[5]  We overrule the Poscentes' fifth issue.

## CONCLUSION

Having overruled the Poscentes' five issues, we affirm the trial court's judgment.


/David J. Schenck/
DAVID SCHENCK
JUSTICE


140165F.P05

---

[5] On appeal, the Poscentes still point to no authority to suggest that application of any potentially applicable law would lead to a different result.  *See* TEX. R. APP. P. 44.1(a).



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

VINCE POSCENTE INTERNATIONAL,
INC., VINCE POSCENTE, AND
MICHELLE POSCENTE, Appellants

No. 05-14-00165-CV      V.

COMPASS BANK, Appellee

On Appeal from the 380th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 380-02889-2011.
Opinion delivered by Justice Schenck,
Chief Justice Wright and Justice Stoddart
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee COMPASS BANK recover its costs of this appeal from appellants Vince Poscente International, Inc., Vince Poscente, and Michelle Poscente.

Judgment entered this 19th day of March, 2015.