# United States Court of Appeals for the Fifth Circuit

————————

No. 25-40647
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2026

Lyle W. Cayce
Clerk

Zachary-Wayne White,

*Plaintiff—Appellant*,

*versus*

Fifth Third Bank, National Association; Mackie Wolf Zientz & Mann, P.C. Law Firm; AVT Title Services, L.L.C.; Fannie Mae as Trustee for Securitized Trust FNMA 2020-009 Trust,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:23-CV-847

————————————————————

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Zachary-Wayne White, proceeding pro se, brought this suit against various entities connected to the foreclosure of his

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

home. The district court found improper joinder as to some defendants and granted summary judgment for the remaining defendants. We AFFIRM.

White and his wife obtained a loan secured by a mortgage on their home from Great Western Financial Services, Inc. The Note expressly provided that "the Lender may transfer this Note." Great Western thereafter endorsed the note to Defendant-Appellee, Fifth Third Bank, N.A. Fifth Third, in turn, transferred ownership of the loan to Defendant-Appellee Fannie Mae, although it continued servicing the loan.

White defaulted on his mortgage and Fifth Third noticed the property for foreclosure. White alleges he tried to satisfy the debt with a "silver surety bond" he created on his own. Fifth Third did not accept the "bond" in lieu of payment and proceeded with the foreclosure sale. Defendant-Appellee Mackie Wolf Zientz & Mann P.C. served as counsel for Fifth Third in the foreclosure proceeding and Defendant-Appellee AVT Title Services LLC acted as substitute foreclosure trustee.

White sued in state court, alleging that the foreclosure was wrongful and bringing a variety of claims. Defendants removed to federal court invoking diversity jurisdiction. They noted that Mackie Wolf and AVT Title are non-diverse but alleged that these parties had been improperly joined. Acting on the recommendation of a magistrate judge, the district court dismissed the suit. It agreed that Mackie Wolf and AVT Title had been improperly joined and held that White had failed to advance viable legal theories against Fifth Third and Fannie Mae such that summary judgment was proper. White timely appealed.

First, White challenges the conclusion that Mackie Wolf and AVT Title were improperly joined such that their citizenship could be disregarded when assessing diversity jurisdiction. A party has been improperly joined if the court conducts a "Rule 12(b)(6)-type analysis" and determines that the

plaintiff is unable "to establish a cause of action against the non-diverse party."[1] However, there is no improper joinder if the plaintiff's case against the diverse and non-diverse defendants fails for the *same* reasons.[2] In such a situation, there is "only a lawsuit lacking in merit" which should be remanded to state court.[3]

White contends this "common-defense doctrine" precludes finding Mackie Wolf and AVT Title were improperly joined. We do not agree. The district court specifically noted that Mackie Wolf and AVT Title never asserted a claim to the property and so, unlike Fifth Third and Fannie Mae, could not be proper defendants in a suit for quiet title. Moreover, it noted that to the extent White wanted to challenge how Mackie Wolf and AVT Title administered the foreclosure, his remedy was limited to a trespass-to-try action against the foreclosure purchaser. White does not address these defendant-specific conclusions in his brief[4] and we otherwise see no reason to overturn them. Thus, based on the record before us, the district court properly dismissed Mackie Wolf and AVT Title and disregarded their citizenship in exercising diversity jurisdiction over White's claims.

Next, White challenges the grant of summary judgment in favor of Fifth Third and Fannie Mae. Before the district court, White argued that Fifth Third had no authority to foreclose on the property because it possessed the deed of trust but not the promissory note. The district court accurately

---

[1] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citation modified).

[2] *Id.* at 574.

[3] *Id.*

[4] *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (explaining that appellant's failure to address any error in the district court's analysis "is the same as if he had not appealed that judgment").

explained that this so-called "split the note theory" is not viable under Texas law.[5] Moreover, it observed that even if the theory *was* viable, Fifth Third presented unrefuted evidence that it held both the deed and the note at the time of foreclosure.

On appeal, White does not grapple with the district court's reasoning and makes no mention of the split-the-note theory pervading his argument to the district court. Instead, White emphasizes many other arguments, including that Fifth Third could not validly foreclose because (1) it was merely a servicer of the loan owned by Fannie Mae, (2) White paid the loan by tendering the "silver surety bond," (3) the original deed was void and he later eliminated the mortgage by filing a revised deed, and (4) the foreclosure was handled by a partial trustee. We have considered these arguments carefully and find them meritless.

Lastly, White asserts that his due process rights were violated because the district court denied him certain discovery and refused to set conferences in the case. But he points to no evidence missing from the record, except for the original wet-ink promissory note. However, "[i]n Texas, existence of a note may be established by '[a] photocopy of the promissory note, attached to an affidavit in which the affiant swears that the photocopy is a true and correct copy of the original note.'"[6] Such a photocopy and affidavit were produced here, and White raises no allegation that this evidence was inaccurate in any way. Accordingly, White fails to demonstrate that the

---

[5] *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) ("The 'split-the-note' theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned.").

[6] *Id.* at 254 (quoting *Blankenship v. Robins*, 899 S.W.2d 236, 238 (Tex. App.–Houston [14th Dist.] 1994)).

No. 25-40647

challenged case-management decisions affected the outcome of the case or his substantial rights.[7]

AFFIRMED.

---

[7] *See* 28 U.S.C. § 2111 ("On the hearing of any appeal or writ of certiorari in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties.").