**BENCH COMPANY, INC., Appellant,**

**v.**

**NATIONS RENT OF TEXAS, L.P., Appellee.**

**No. 05–03–01150–CV.**

Court of Appeals of Texas, Dallas.

May 20, 2004.

_____

Herbert Neil Lackshin, Houston, for appellant.

Richard James Wallace, Passman & Jones, Dallas, for appellee.

Before Justices MORRIS, WHITTINGTON, and JAMES.

**OPINION**

Opinion by Justice MORRIS.

In this appeal of a summary judgment, Bench Company, Inc. contends the trial

court erred in failing to hear and rule upon its motion to transfer venue before ruling on Nations Rent of Texas, L.P.'s motion for summary judgment. After reviewing the record, we conclude Bench waived any error relating to the timing of the trial court's rulings. We affirm the trial court's judgment.

## I.

Nations Rent of Texas, L.P. filed a suit on sworn account against Bench Company, Inc. seeking payment of approximately $13,000 in invoices. Bench responded on February 18, 2003 by filing a motion to transfer venue and a general denial subject to the motion. Bench did not set its venue motion for a hearing at that time.

On March 7, 2003, Nations Rent filed a motion for summary judgment and set the motion for a hearing on April 11. Bench did not respond to the motion for summary judgment, but on March 28, Bench requested a hearing date on its motion to transfer venue. The venue motion was set for May 30. On April 11, the day of the summary judgment hearing, Bench filed a motion for continuance arguing the court needed to rule on the motion to transfer venue before addressing the summary judgment motion. Bench requested the summary judgment hearing be reset for May 30, at the same time as the motion to transfer venue. Bench never asked for a hearing on its motion for continuance, however, and never obtained a ruling on the motion from the trial court.

The hearing on the summary judgment motion was held on April 11, as scheduled. Bench did not appear at the hearing and the trial court granted judgment in favor of Nations Rent. Bench filed a motion for new trial arguing, again, that the trial court was required to hear the motion to transfer venue before ruling on the motion for summary judgment. The motion for new trial was overruled by operation of law. Bench brought this appeal.

## II.

Bench's single issue on appeal is whether the trial court erred in granting Nations Rent's motion for summary judgment before hearing the motion to transfer venue. Under rule 87 of the Texas Rules of Civil Procedure, the trial court is required to determine a motion to transfer venue before the commencement of a trial on the merits. TEX.R. CIV. P. 87. To invoke this requirement, however, the movant must first request a hearing on the venue motion. At the time the trial court scheduled the hearing on Nations Rent's motion for summary judgment, Bench had not yet requested a hearing on its motion to transfer venue. Accordingly, there was no restriction on the trial court's ability to hear the motion for summary judgment when it set the motion for a hearing.

Bench did not request a hearing on its motion to transfer venue until March 28, 2003, two weeks before Nations Rent's motion for summary judgment was scheduled to be heard. Pursuant to rule 87, Nations Rent was entitled to at least 45 days notice of the hearing on the motion to transfer venue. *Id.* It would not have been proper, therefore, for the court to schedule the venue motion to be heard before the April 11 hearing on the motion for summary judgment. To preserve its right to have its venue motion determined before the summary judgment hearing, it was incumbent upon Bench to either request a continuance of the summary judgment hearing or seek leave of court to have the venue motion heard earlier by requesting the 45 day notice period be shortened. *See id.*

■ The file stamp on Bench's motion for continuance shows it was not filed with the trial court until April 11, the day of the summary judgment hearing. Although Bench filed a motion for continuance, it neither requested a hearing on the matter nor obtained a ruling from the trial court. A party moving for a continuance of a summary judgment hearing must obtain a written ruling on its motion to preserve a complaint for appellate review. *See Washington v. Tyler Indep. Sch. Dist.*, 932 S.W.2d 686, 690 (Tex.App.-Tyler 1996, no writ). Because Bench never obtained a ruling on its motion for continuance, Bench waived any error relating to the trial court's failure to continue the summary judgment hearing until after the motion to transfer venue could be heard.

We affirm the trial court's judgment.