**Affirmed and Memorandum Opinion filed April 9, 2015.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

---

### NO. 14-13-00861-CV

---

### DAVID GOAD, Appellant

### V.

### HANCOCK BANK F/K/A PEOPLES FIRST COMMUNITY BANK, Appellee

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1030735**

---

## M E M O R A N D U M   O P I N I O N

Pro se appellant David Goad appeals the trial court's grant of summary judgment in favor of Hancock Bank, f/k/a Peoples First Community Bank, in the Bank's suit to recover on a promissory note. Goad contends that the trial court abused its discretion by (1) denying his special appearance; (2) denying his motion to change venue, and (3) granting the Bank's motion for summary judgment. Goad also contends that the Bank's pleadings were made in bad faith. We affirm.

## BACKGROUND

In July 2006, Goad, then a Florida resident, executed a promissory note in favor of Peoples First Community Bank in Florida (the Note). The Note's principal amount was $21,784.55 and its maturity date was July 17, 2010. Goad later became a resident of New Braunfels, Comal County, Texas.

On April 22, 2013, the Bank filed suit against Goad in Harris County, alleging that it was the owner and holder of the Note and that Goad had defaulted on the Note, owing $4,060.09 plus interest. On June 3, Goad filed a general denial subject to a special appearance, motion to dismiss, and motion for change of venue.

On June 25, 2013, the Bank filed a traditional motion for summary judgment and set the motion for submission on July 26, 2013, at 9:30 a.m. On July 5, Goad requested[1] that his special appearance and motion to dismiss be set for submission on July 19. Less than two weeks before the scheduled submission of the Bank's summary judgment motion, Goad filed a "Notice of Submission Subject Too [sic] Special Appearance" in which he requested that his motion to transfer venue also be heard on July 26, 2013:

> Defendant, David Goad, requests the Court take his MOTION FOR CHANGE OF VENUE under submission on July 26, 2013 @9:30 a.m.
> Please note that defendant was directed to set the hearing for the change of venue after 45 days of service.

Goad did not file a motion for leave to shorten the time for hearing on his motion to transfer venue, nor did he file a motion for continuance of the summary

---

[1]Although Goad titled this request a Notice of Submission, the body of the notice requests that the trial court hear the special appearance and motion to dismiss. It is thus unclear that Goad actually obtained permission from the court for the setting.

judgment hearing. Goad also did not file a response to the Bank's motion for summary judgment.

On August 26, 2013, the trial court signed the "Summary Judgment" that is the subject of this appeal. The judgment recites that the Bank's summary judgment "came on to be considered." The judgment makes no mention of Goad's special appearance, motion to dismiss, or motion to change venue. However, interlineated on that judgment is the notation that "there is no response on file." Goad did not file any post-judgment motion for ruling or objection to the trial court's failure to rule on his motion to transfer venue.

On August 26, 2013, the trial court granted the Bank's summary judgment motion, ordering Goad to pay the principal amount of $4,060.09, plus pre-judgment and post-maturity interest, as well as attorney's fees of $1,200.00 and court costs.

## ANALYSIS OF GOAD'S ISSUES

### *Briefing Waiver*

As an initial matter, the Bank argues that Goad's brief fails to comply with appellate rules because Goad fails to provide a clear and concise argument for his contentions and fails to cite to the record or to appropriate authorities. *See* Tex. R. App. P. 38.1(i); *see also Shull v. United Parcel Serv.*, 4 S.W.3d 46, 52–53 (Tex. App.—San Antonio 1999, pet. denied) (explaining that pro se appellants are held to the same standards as licensed attorneys and must comply with the applicable laws and procedures).

We acknowledge that Goad's brief is not a model of clarity and parts of it address extraneous matters not supported by the record below,[2] but we disagree

---

[2] Within his briefing, Goad sometimes refers to documents and other materials appended

that Goad's entire brief violates the appellate rules. As to all but the last issue we address, Goad makes reasonably clear arguments supported by citations to legal authorities and to the record. Although Goad cites to the appellate record by identifying exhibits rather than by page numbers, in the context of the brief and this record, the exhibits are easily located.[3] Therefore, we will address each of Goad's issues individually.

### The Special Appearance

Goad first contends that the trial court improperly denied his special appearance because the Note contains an exclusive forum selection clause requiring the parties to litigate any disputes arising out of the Note in Florida. Although Goad styles his request for relief as a special appearance under Rule 120a of the Texas Rules of Civil Procedure, the substance of his complaint is that the trial court should have dismissed the suit based on the parties' contractual agreement. *See State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) ("We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it." (citing Tex. R. Civ. P. 71)). A trial court abuses its discretion when it fails to properly interpret or apply a forum selection clause. *In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 883 (Tex. 2010) (orig. proceeding) (per curiam).

Goad acknowledges that the record contains no signed order denying his special appearance, but he argues that the trial court's failure to rule even though

---

to his brief that are not included in the record. Generally, this court cannot consider documents attached to briefs that do not appear in the appellate record. *See Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 771 (Tex. App.—Houston [14th Dist.] 1991, writ denied). Therefore, to the extent that Goad makes arguments in reliance on such documents and materials, we disregard those arguments and documents.

[3] The original and supplemental clerk's record combined contain less than sixty pages.

he set the matter for submission constitutes an implicit denial. *See* Tex. R. App. P. 33.1(a)(2)(A); *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003); *see also Salinas v. Rafati*, 948 S.W.2d 286, 288 (Tex. 1997). We need not decide whether the trial court implicitly denied Goad's special appearance, however, because the trial court would not have erred even if it denied Goad's requested relief.

Below and on appeal, Goad argues that the trial court should have dismissed the suit against him based on the Note's "Governing Law" clause, which Goad maintains is an exclusive forum selection clause:

> GOVERNING LAW. This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Florida without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Florida.

Goad's argument fails, however, because the cited clause is not a forum selection clause at all; it is a choice of law clause that does not compel the result Goad seeks. A forum selection clause is a contractual arrangement whereby parties agree in advance to submit their disputes for resolution within a particular jurisdiction; in contrast, a choice of law clause reflects the parties' intent that the law of a specified jurisdiction will apply to their agreement. *See RSR Corp. v. Siegmund*, 309 S.W.3d 686, 700 (Tex. App.—Dallas 2010, no pet.) (forum selection clause); *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677 (Tex. 1990) (choice of law clause); *see also In re AutoNation, Inc.*, 228 S.W.3d 663, 665 & n.3 (Tex. 2007) (discussing a contract in which "[a] choice-of-law provision stated that the agreement would be construed under Florida law, and a forum-selection clause provided that all suits arising out of the agreement must be filed in Florida").

The clause on which Goad relies identifies the substantive law that would apply to the Note and reflects that the Note was accepted by the lender in Florida,

but the clause contains no language whatsoever indicating that the parties contractually agreed that any lawsuits arising out of the Note must be litigated in Florida. *Cf. Sw. Intelecom, Inc. v. Hotel Networks Corp.*, 997 S.W.2d 322, 325 (Tex. App.—Austin 1999, pet. denied) ("The plain language of the jurisdiction clause neither prohibits litigation in jurisdictions other than Ramsey County, Minnesota, nor provides that Minnesota courts have exclusive jurisdiction over all claims arising out of the contract."). Because the clause is not an exclusive forum selection clause requiring dismissal, the trial court would not have abused its discretion by implicitly denying Goad's motion, if it did so—a matter we do not decide. We overrule Goad's first issue.

### The Motion to Change Venue

Goad next argues that the trial court abused its discretion by implicitly denying his motion to change venue. The Bank responds that Goad never properly requested a hearing or received a ruling on his motion.

Under Texas Rule of Civil Procedure 87, the movant has the duty to request a setting on the motion to transfer. Tex. R. Civ. P. 87(1). The rule provides that except on leave of court, each party is entitled to at least 45 days' notice of a hearing on the motion to transfer. *Id.* Further, except on leave of court, any response or opposing affidavits shall be filed at least 30 days prior to the hearing of the motion to transfer. *Id.* The movant is not required to file a reply to the response, but any reply and any additional affidavits supporting the motion to transfer must, except on leave of court, be filed not later than 7 days prior to the hearing date. *Id.*

The Bank set its summary judgment motion for submission on July 26, 2013, before Goad filed his request that the trial court set his venue motion for submission on the same day. Goad's requested setting provided only 11 days' notice to the Bank, contrary to Rule 87's requirement that a non-moving party is

entitled to at least 45 days' notice. *See id.* Additionally, Goad's request for submission reflects on its face that he "was directed to set the hearing for the change of venue after 45 days of service" and he acknowledges in his brief that he failed to provide such notice.[4] The record contains no indication that the trial court confirmed the requested notice date with the parties, but if the trial court had heard the motion as requested, it would have abused its discretion. *See Henderson v. O'Neill*, 797 S.W.2d 905, 905 (Tex. 1990) (orig. proceeding) (per curiam); *see also Bench Co., Inc. v. Nations Rent of Tex., L.P.*, 133 S.W.3d 907, 908 (Tex. App.— Dallas, no pet.) (holding that not only was the trial court not required to hear the motion to transfer venue before ruling on the motion for summary judgment, but also that it would be improper for the court to schedule the venue motion to be heard before the summary judgment hearing on less than 45 days' notice). Further, Goad did not seek leave of court to set the motion to transfer venue earlier or move for a continuance of the Bank's motion for summary judgment.

Goad urges that it was the Bank's responsibility to object to insufficient notice of the setting and seek a continuance of the motion to transfer venue.[5] But

---

[4] Goad asserts that the Bank had 45 days to review his pleadings, but merely filing pleadings does not substitute for compliance with Rule 87.

[5] In support of his contention, Goad cites *Bench* and *Gonzalez v. Nielson*, 770 S.W.2d 99, 101 (Tex. App.—Corpus Christi 1989, writ denied). In *Bench*, Bench failed to request a hearing on his motion to transfer venue until shortly before the hearing on the plaintiff's motion for summary judgment was set. *See* 133 S.W.3d at 908. Bench filed a motion for continuance on the day the summary judgment hearing was scheduled, but the trial court did not rule on the motion. *See id.* at 909. The court held that because Bench never requested a hearing or obtained a ruling from the trial court, any complaint about the trial court's failure to grant the motion for continuance was waived. *Id.* In *Gonzalez*, Gonzalez filed a motion to transfer venue but never set it for hearing, even after receiving notice of the trial setting. 770 S.W.2d at 101. On the day of trial, the trial court took up the motion to transfer venue, and Gonzalez announced he was not ready because he did not receive 45 days' notice of the hearing on his motion. *Id.* The court held that Gonzalez was required to file a motion for continuance to preserve his complaint that he did not receive sufficient notice of the hearing. In the present case, Goad did not seek a continuance of the summary judgment hearing or other relief from Rule 87's notice requirements, nor does he complain that he had insufficient notice of the setting on his own motion to transfer venue.

Rule 87 plainly places the initial responsibility for obtaining a setting in compliance with the rule's requirements on the movant. *See* Tex. R. Civ. P. 87(1); *Bench*, 133 S.W.3d at 908 ("To preserve its right to have its venue motion determined before the summary judgment hearing, it was incumbent upon Bench to either request a continuance of the summary judgment hearing or seek leave of court to have the venue motion heard earlier by requesting the 45 day notice period be shortened."). In this case, Goad made no effort to set his motion to transfer venue in compliance with Rule 87's requirements, despite being informed of the rule's 45-day notice requirement. Goad has therefore failed to preserve any complaint concerning the trial court's failure to rule on the motion. *See Bench*, 133 S.W.3d at 908. We overrule Goad's second issue.

### The Summary Judgment Motion

Goad next contends that the trial court erred by granting the Bank's motion for traditional summary judgment. The Bank responds that its evidence conclusively proved that it was entitled to summary judgment on its suit on the note.

We review de novo a trial court's grant of summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A party moving for a traditional summary judgment must establish that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). If the movant's motion and evidence facially establish its right to judgment as a matter of law, the burden shifts to the non-movant to raise a

---

Indeed, both cases support the general rule that a party moving to transfer venue must either provide the required notice or move for and obtain a ruling on either a motion to shorten the notice period or a motion to continue the proceedings on the merits.

genuine issue of material fact sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). The non-movant has no burden to respond to a summary judgment motion unless the movant conclusively establishes each element of its cause of action as a matter of law. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999). On appeal, the non-movant need not have responded to the motion to contend the movant's summary judgment proof is insufficient as a matter of law to support summary judgment. *Id.* at 223. Goad filed no response to the Bank's motion for summary judgment. On appeal, Goad contends that the Bank presented no evidence showing how or when it acquired ownership of the Note or "how [it] became Hancock Bank." Goad also refers generally to case law providing that complaints about conclusory evidence may be raised for the first time on appeal. Construing his brief liberally, we understand Goad's complaint to be a challenge to the legal sufficiency of the Bank's supporting evidence.[6]

To prevail in a suit on a promissory note, a plaintiff must prove: (1) the note in question; (2) the party sued signed the note; (3) the plaintiff is the owner or holder of the note; and (4) a certain balance is due and owing on the note. *Dorsett v. Hispanic Housing & Educ. Corp.*, 389 S.W.3d 609, 613 (Tex. App.—Houston [14th Dist.] 2012, no pet.). A true and correct copy of a note is sufficient to establish the plaintiff's status as owner and holder when affidavit testimony claims ownership, absent controverting evidence. *See, e.g., Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex. 1983) (per curiam); *Blankenship v. Robins*, 899 S.W.2d 236, 238 (Tex. App.—Houston [14th Dist.] 1994, no writ). When the

---

[6] Goad also contends that his pleadings on file "severely placed the MSJ in question." Generally, however, a trial court may not consider summary judgment arguments or evidence not referenced in or incorporated into the motion or response. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

defendant does not deny the genuineness of his signature on the note, he is established as the maker. *Blankenship*, 899 S.W.2d at 238.

Here, the Bank established all four elements as a matter of law. The Bank supported its summary judgment motion with the affidavit of Rick Chatagnier, a manager of recoveries and collections in the recovery department of "Hancock Bank f/k/a/ People's First Community Bank." Chatagnier averred that (1) he had personal knowledge of the facts stated in the affidavit and they were true and correct; (2) the Bank, formerly known as Peoples First Community Bank, is the owner and holder of the Note; (3) Goad has defaulted in paying the Note; and (4) after applying all payments made and allowing all offsets and credits, the principal balance due on the Note is $4,060.09. Additionally, Chatagnier averred that Goad owes prejudgment interest of $900.51, attorney's fees of $1,200.00, and post-judgment interest on the entire amount. Chatagnier also attached a "true and correct" copy of the Note to his affidavit. Goad does not deny signing the Note or challenge the balance due.

Goad complains that the Bank has not proven that it is the owner of the Note because it has not shown the "chain of title" or when the Note was acquired. However, Chatagnier's testimony on his personal knowledge that the Bank was formerly known as Peoples First Community Bank is not conclusory. Absent any controverting evidence, this testimony demonstrates that the Bank merely changed its name; consequently, there was no sale, assignment, or transfer resulting in the Bank's acquisition of the Note and thus no "chain of title" to prove. Even if there were, this court has held that a person may testify to a sale and assignment without providing any documentary evidence. *See Nguyen v. Citibank N.A.*, 403 S.W.3d 927, 930–31 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *Ortega v. Cach, LLC*, 396 S.W.3d 622, 627–28 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

10

Goad presented no controverting summary judgment evidence in response to the Bank's summary judgment evidence that the Bank formerly known as Peoples First Community Bank was the owner and holder of the Note. On this record, the trial court did not err in granting summary judgment in the Bank's favor. *See Zarges*, 652 S.W.2d at 369; *Blankenship*, 899 S.W.2d at 238. We overrule Goad's third issue.

### *Bad Faith*

Finally, Goad makes a passing argument that the Bank's pleadings "are nothing short of bad faith," citing Texas Civil Practice and Remedies Code section 10.01. Parties asserting error on appeal must present some specific argument and analysis showing that the record and the law support their contentions. *See* Tex. R. App. P. 38.1(i); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.). We hold that Goad has waived this issue by failing to provide any substantive argument, analysis, or citation to the record or relevant authorities in support of his contention. We overrule Goad's fourth issue.

### CONCLUSION

We overrule Goad's issues and affirm the trial court's judgment.

/s/     Ken Wise
        Justice

Panel consists of Justices McCally, Brown, and Wise.

11