# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH
### NO. 02-15-00393-CV


TOWNCREEK INDUSTRIAL, LLC;                                       APPELLANTS
H&H STEEL FABRICATORS, INC.;
ALLTEX STEEL, INC.; AND JAMES
TOBEY

V.

WELLS FARGO BANK, NATIONAL                                       APPELLEE
ASSOCIATION

----------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
TRIAL COURT NO. CV15-0501

----------

## MEMORANDUM OPINION[1]

----------

Appellants Towncreek Industrial, LLC; H&H Steel Fabricators, Inc.; Alltex

Steel, Inc.; and James Tobey appeal from the trial court's summary judgment

---

[1]*See* Tex. R. App. P. 47.4.

entered in favor of appellee Wells Fargo Bank, National Association. Because the trial court neither erred nor abused its discretion by granting Wells Fargo summary judgment, we affirm the trial court's final summary judgment.

## I. BACKGROUND

### A. NOTE 1, NOTE 2, AND CREDIT-CARD AGREEMENT

On May 24, 2013, Towncreek executed a promissory note in favor of Wells Fargo, showing that Wells Fargo had loaned Towncreek $1,150,000 at 5% annual interest (Note 1). Towncreek's first payment on Note 1 was due June 30, 2013, followed by fifty-nine monthly payments of $7,636.16 with a May 31, 2018 balloon payment of $970,002.07. To secure Note 1, Towncreek contemporaneously signed a deed of trust with power of sale in favor of Wells Fargo on a 6.67-acre tract of real property located in Springtown, Texas. Wells Fargo recorded the deed of trust in the Parker County real property records on May 28, 2013. The deed of trust secured all obligations between Towncreek and Wells Fargo "whether now existing or hereafter arising." Two affiliates of Towncreek—H&H and Alltex—and Tobey—the principal of Towncreek, H&H, and Alltex—each signed commercial, continuing guaranties under which they agreed to be jointly and severally liable for Towncreek's payment and performance obligations under Note 1 and as to "all debts, liabilities and obligations of every nature or form, now existing or hereafter arising or acquired" owed by Towncreek to Wells Fargo. Appellants do not dispute the "validity or enforceability" of the contractual documents related to Note 1.

2

On June 7, 2013, Wells Fargo issued Towncreek a credit-card account. The credit card had a limit of $25,000 and was personally guaranteed by Tobey. Appellants do not challenge the validity or enforceability of the credit-card agreement.

On November 18, 2013, H&H executed a promissory note in favor of Wells Fargo, showing that Wells Fargo had loaned H&H $1,650,000 (Note 2). Under the terms of Note 2, H&H was required to repay all principal and interest in one lump-sum payment on November 20, 2014, with a variable interest rate. The maturity date was later extended to February 18, 2015. To secure Note 2, H&H signed a security agreement, granting Wells Fargo a security interest in H&H's personal property, which included H&H's "Inventory, Chattel Paper, Accounts, Equipment and General Intangibles." Additionally, Towncreek and Tobey executed commercial, continuing guaranties under which they agreed to be jointly and severally liable for H&H's payment and performance obligations under Note 2 and as to "all debts, liabilities and obligations of every nature or form, now existing or hereafter arising or acquired" owed by H&H to Wells Fargo. On the same day H&H's promissory note was executed, Towncreek executed an additional deed of trust with a power of sale regarding the Springtown real property to secure all payment obligations owed to Wells Fargo by Towncreek or H&H. As with Note 1 and the credit-card agreement, Appellants do not argue that the contractual documents related to Note 2 are invalid or unenforceable.

3

## B. DEFAULT

Towncreek failed to make the payments on Note 1 that were due January 31 and February 28, 2015, triggering a default of Note 1. H&H also did not make the February 18, 2015 payment on Note 2. On March 4, 2015, Towncreek missed making its credit-card payment. On March 24, 2015, Wells Fargo sent a default notice to Towncreek, H&H, Alltex, and Tobey, notifying them that Note 1 was in default, that ad valorem property taxes had not been paid on the Springtown property, that they had seven days to cure the default, and that the maturity of Note 1 would be accelerated if the default was not cured. That same day, Wells Fargo sent a default notice to H&H, Towncreek, and Tobey regarding their default of their payment obligation under Note 2 and gave them seven days to cure the default.

Appellants failed to cure the payment default under Note 1 or pay the matured Note 2 balance during the cure period. Wells Fargo, therefore, sent a formal notice to Towncreek, H&H, Alltex, and Tobey on April 1, 2015, reflecting that Wells Fargo was accelerating the balance owed on Note 1 and demanding full payment of the accelerated balance. Wells Fargo warned that if the accelerated balance was not paid, it would "proceed with the exercise of its contractual and legal default remedies, including . . . foreclosure of the Collateral pursuant to the Loan Agreements." Appellants made no further payments under Note 1 or Note 2. As of June 12, 2015, the credit-card account had an unpaid balance of $24,878.24.

## C. FORECLOSURE SALE AND LITIGATION

On April 21, 2015, Wells Fargo filed suit against Appellants. Wells Fargo alleged breach-of-contract claims against Towncreek based on its nonpayment of Note 1 and the credit-card account and against H&H based on its nonpayment of Note 2. Wells Fargo also raised claims for breach of the guaranties against H&H, Alltex, and Tobey based on their continuing guaranties of Note 1, which also assumed liability for Towncreek's previous payment obligations under the credit-card account. Finally, Wells Fargo alleged that Towncreek and Tobey breached their continuing guaranties of Note 2. Appellants answered Wells Fargo's petition through a general denial.

Shortly after filing its petition, Wells Fargo initiated foreclosure proceedings on the Springtown property based on Note 2 and the additional deed of trust. At the June 2, 2015 foreclosure sale, Wells Fargo bought the property for $987,254.99. Wells Fargo applied the sale proceeds against the accelerated debt of Note 1—owed by Towncreek and guaranteed by H&H, Alltex, and Tobey—leaving a deficiency as of June 12, 2015 of $129,442.98 plus daily interest. As of June 12, 2015, the balance of Note 2—owed by H&H and guaranteed by Towncreek and Tobey—was $1,679,569.91 plus daily interest, and the balance of the credit-card account—owed by Towncreek and guaranteed by Tobey—was $24,878.24 plus daily interest.

On June 19, 2015, Wells Fargo moved for a traditional motion for summary judgment on its claims for breach of contract and breach of the guaranties,

5

arguing that it had established its right to recover under Note 1, Note 2, the credit-card account, and the attendant guaranties as a matter of law. Wells Fargo attached the affidavit of an assistant vice president, Justin McKinney, proving up the contractual documents, Appellants' payment history, and the facts leading to Appellants' defaults on Note 1, Note 2, and the credit-card account. A hearing on the motion was set for July 20, 2015.

On June 26, 2015, Appellants amended their answer to allege the affirmative defenses of failure to mitigate damages, offset, and payment. That same day, H&H, Towncreek, and Tobey filed a verified motion to continue the summary-judgment hearing "to allow Defendants adequate time to present a defense."[2] The trial court heard the motion to continue on July 7, 2015, and signed a docket entry noting that counsel were present and that "Rule 11 Agreement forthcoming." On August 13, 2015, the summary-judgment hearing was rescheduled for September 17, 2015.

On August 24, 2015, Wells Fargo filed a no-evidence motion for summary judgment directed to Appellants' affirmative defenses. On September 9, 2015, Appellants responded to the traditional motion and asserted that Wells Fargo failed to establish its claims as a matter of law because (1) Wells Fargo failed to

---

[2]The motion included in the clerk's record is missing the third page. It is unclear whether the motion as filed was incomplete or whether the clerk inadvertently failed to include this page in the clerk's record. In any event, the missing page is not necessary to resolve this appeal. *See* Tex. R. App. P. 34.5(c)(1).

mitigate its damages "as it relates to the foreclosure of the equipment and personal property collateral" on the Springtown property and (2) the summary-judgment evidence, i.e., Wells Fargo's "H&H Transaction History,"[3] supported "only $1,437,894.77, which is $395,996.36 less than the total amount sought" by Wells Fargo. In short, Appellants did not contest liability, only damages. They also objected to McKinney's affidavit, arguing that it was conclusory and impermissibly relied on hearsay documents. The next day, Appellants responded to Wells Fargo's no-evidence motion, arguing that the fact issue regarding the amount of Wells Fargo's damages, raised by the "H&H Transaction History," precluded summary judgment on their affirmative defenses.

On September 17, 2015, the day of the summary-judgment hearing, H&H, Towncreek, and Tobey filed a motion to compel production of an "appraisal of the [Springtown real property] or personal property located on [the Springtown real property] from 2012 or 2013." Appellants could not locate the appraisal in their own records, but Tobey recalled that "the fair market value of the [Springtown property] was determined to be significantly higher than the purchase price of the [Springtown property] by [Wells Fargo] at the foreclosure sale." H&H, Towncreek, and Tobey also filed a second verified motion to continue the

---

[3]This document was produced by Wells Fargo during discovery and is a listing of dates individual payments were made, the amount of each payment, and whether the payments were applied to principal or to interest. It does not identify to which indebtedness the payments were applied—Note 1, Note 2, or the credit-card account—but simply states that the document applied to H&H's "Transaction History."

summary-judgment hearing "to allow [H&H, Towncreek, and Tobey] adequate time to compel production of the relevant documents associated with the appraisals of the [Springtown property] conducted in 2012 and/or 2013, which is critical to [their] mitigation . . . defense."

The trial court held the summary-judgment hearing on September 17, 2015, as previously scheduled, and considered "the Motion for Summary Judgment" filed by Wells Fargo, "any timely response filed by [Appellants]," the pleadings, and "the argument and authority of counsel" for Appellants and Wells Fargo. No record was made of this hearing, but the trial court signed a docket notation that it took the motion "[u]nder advisement-ruling forthcoming." On September 21, 2015, the trial court granted Wells Fargo's "Motion for Summary Judgment . . . because there is no genuine issue of material fact and Wells Fargo is entitled to judgment as a matter of law." The trial court "OVERRULED" Appellants' affirmative defenses and entered judgment against Appellants for $1,462,773.01 in actual damages.[4]

Appellants filed a motion for new trial and argued that the summary judgment was granted in error because McKinney's affidavit was incompetent as summary-judgment evidence, Wells Fargo failed to properly mitigate its damages "as it relates to the foreclosure of the equipment and personal property collateral

---

[4]The actual-damages award was broken into two parts: (1) $1,437,894.77 against H&H, "and the other Defendants, jointly and severally," and (2) $24,878.24 against Towncreek, "along with the other Defendants, jointly and severally."

located on the [Springtown property]," and a fact issue existed regarding the amount of Wells Fargo's damages.  The motion was overruled by operation of law.  *See* Tex. R. Civ. P. 329b(c).

## II.  CONTINUANCE

In their fourth issue, Appellants argue that the trial court abused its discretion by denying H&H, Towncreek, and Tobey's second motion to continue the hearing on Wells Fargo's traditional motion for summary judgment and by refusing to consider their motion to compel needed discovery before granting Wells Fargo summary judgment.[5]  *See* Tex. R. Civ. P. 166a(g).  We review a trial court's decision on a motion to continue a summary-judgment hearing for an abuse of discretion.  *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004); *D.R. Horton–Tex., Ltd. v. Savannah Props. Assocs., L.P.*, 416 S.W.3d 217, 222 (Tex. App.—Fort Worth 2013, no pet.).

We first note that Appellants failed to ensure that the court reporter recorded the hearing at which Appellants' continuance motion would have been addressed.  Thus, it is difficult to assay whether the trial court's decision to hold the summary-judgment hearing—even though Appellants had filed a continuance motion and a motion to compel further discovery that same day—was outside the

---

[5]Although the record does not reflect that the trial court expressly denied the second continuance motion, we will assume for the purposes of this appeal that the trial court implicitly denied the motion by holding the hearing as scheduled and granting Wells Fargo judgment as a matter of law.  *See* Tex. R. App. P. 33.1(a)(2)(A); *Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 114 (Tex. App.—Waco 1999, no pet.).

9

zone of reasonable disagreement. *See McKinney Ave. Props. No. 2, Ltd. v. Branch Bank & Trust Co.*, No. 05-14-00206-CV, 2015 WL 3549877, at *6 (Tex. App.—Dallas June 15, 2015, no pet.) (mem. op.); *Barnes v. Athens*, No. 02-12-00173-CV, 2012 WL 4936624, at *2 (Tex. App.—Fort Worth Oct. 18, 2012, no pet.) (mem. op.); *Bench Co. v. Nations Rent of Tex., L.P.*, 133 S.W.3d 907, 909 (Tex. App.—Dallas 2004, no pet.). *See generally* Judge David Hittner & Lynne Liberato, *Summary Judgments in Texas: State and Federal Practice*, 52 Hous. L. Rev. 773, 809–12, 814 (2015) (discussing factors trial courts are to consider in determining motions for continuance based on the need for additional discovery and noting a record of the hearing should be requested "if the court makes rulings on evidence or proceedings during the hearing"). And we similarly cannot determine if the trial court "refused" to consider the motion to compel as a circumstance justifying a continuance under rule 166a(g), as argued by Appellants, or if Appellants simply failed to bring the motion to the trial court's attention. *See McKinney Ave.*, 2015 WL 3549877, at *5; *Bench Co.*, 133 S.W.3d at 909. In any event, Appellants do not dispute that they received twenty-one days' notice of the hearing, that Wells Fargo's petition had been pending for five months at the time summary judgment was granted, or that they waited until the day of the second scheduled hearing to move for a second continuance and seek further discovery. *See* Tex. R. Civ. P. 166a(g), 252. Further, Appellants do not cogently argue how an appraisal that had been prepared at their request at least two years before the foreclosure sale would be relevant to the fair market value

of the property at the time of the sale. *See Moore v. Bank Midwest, N.A.*, 39 S.W.3d 395, 402 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (op. on reh'g). Under these circumstances, we cannot conclude that the trial court abused its discretion by failing to continue the hearing even though this case was decided in an inexplicably expedited manner. *See Joe*, 145 S.W.3d at 161–62; *Dewayne Rogers Logging, Inc. v. Propac Indus., Ltd.*, 299 S.W.3d 374, 392 (Tex. App.—Tyler 2009, pet. denied); *City of San Antonio v. En Seguido, Ltd.*, 227 S.W.3d 237, 240–41 (Tex. App.—San Antonio 2007, no pet.). We overrule issue four.

## III.  PROPRIETY OF SUMMARY JUDGMENT

### A.  ADMISSIBILITY OF AFFIDAVIT

In their third issue, Appellants argue that the trial court erred by considering McKinney's affidavit on summary judgment because it was conclusory and based on inadmissible hearsay.[6] A trial court may not consider inadmissible evidence over a party's objection in ruling on a motion for summary judgment. *Dolcefino v. Randolph*, 19 S.W.3d 906, 927 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (op. on reh'g). An affidavit that is conclusory or is based on hearsay is incompetent as summary-judgment proof. *See* Tex. R. Civ. P. 166a(f); *Querner Truck Lines, Inc. v. Alta Verde Indus.*, 747 S.W.2d 464, 468

---

[6]Although Appellants' statement of this issue also contends that the affidavit included "inconsistent statements," they do not point out what statements were inconsistent or otherwise brief this assertion. We will likewise not address it.

11

(Tex. App.—San Antonio 1988, no writ). We review a trial court's evidentiary rulings for an abuse of discretion. *See Roth v. JPMorgan Chase Bank, N.A.*, 439 S.W.3d 508, 512 (Tex. App.—El Paso 2014, no pet.); *Owens v. Comerica Bank*, 229 S.W.3d 544, 548 (Tex. App.—Dallas 2007, no pet.).

As a preliminary matter, it is important to point out that Appellants failed to get a ruling on their evidentiary objections to McKinney's affidavit. There is nothing in the record indicating that the trial court ruled on or even considered their objections, and the summary-judgment order does not expressly address Appellants' objections. As such, they arguably failed to preserve any error for our review. *See Schuetz v. Source One Mortg. Servs. Corp.*, No. 03-15-00522-CV, 2016 WL 4628048, at *5 (Tex. App.—Austin Sept. 1, 2016, no pet. h.) (mem. op.); *Haase v. Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, L.L.P.*, No. 14-14-00572-CV, 2016 WL 3902735, at *4 (Tex. App.—Houston [14th Dist.] July 14, 2016, no pet. h.); *Roth*, 439 S.W.3d at 513. However, to the extent it could be argued that the trial court implicitly overruled Appellant's objections because it granted Wells Fargo judgment as a matter of law, because the order stated that "[a]ll other relief . . . is denied," and because Appellants re-urged their objections in their motion for new trial, we will address their evidentiary complaints. *See Lissiak v. SW Loan OO, L.P.*, No. 12-14-00344-CV, 2016 WL 3568066, at *2 (Tex. App.—Tyler June 30, 2016, no pet.); *see also Duncan-Hubert v. Mitchell*, 310 S.W.3d 92, 100–01 (Tex. App.—Dallas 2010, pet. denied) (recognizing Mother-Hubbard language in summary-judgment order will not imply a ruling on

12

evidentiary objections); *Residential Dynamics, LLC v. Loveless*, 186 S.W.3d 192, 195 (Tex. App.—Fort Worth 2006, no pet.) (concluding evidentiary objections preserved where majority of response to no-evidence motion for summary judgment addressed incompetence of sole affidavit submitted in support of motion).

Appellants first argue that McKinney's statements of the amounts due on Note 1, Note 2, and the credit-card account were conclusory because the statements were not supported by "an underlying payment history." But McKinney's affidavit, which was made on his personal knowledge, recited the terms of the notes and the account, including payment due dates and the accrual of interest, and detailed the payments Appellants paid and failed to pay. To his affidavit, McKinney attached Note 1, Note 2, the credit-card account, the continuing guaranties, the deeds of trust, the security agreement, the February 2015 default letter, and the March 2015 acceleration notice. We conclude McKinney's affidavit was not impermissibly conclusory; thus, the trial court did not abuse its discretion by implicitly overruling this objection. *See, e.g.*, *Duarte-Viera v. Mae*, No. 07-14-00271-CV, 2016 WL 737698, at *5–6 (Tex. App.—Amarillo Feb. 23, 2016, no pet.); *Cha v. Branch Banking & Trust Co.*, No. 05-14-00926-CV, 2015 WL 5013700, at *3 (Tex. App.—Dallas Aug. 25, 2015, pet. denied) (mem. op.); *Myers v. Sw. Bank*, No. 02-14-00122-CV, 2014 WL 7009956, at *2–3 (Tex. App.—Fort Worth Dec. 11, 2014, pet. denied) (mem. op.); *see also Valenzuela v. State & Cty. Mut. Fire Ins. Co.*, 317 S.W.3d 550, 553

(Tex. App.—Houston [14th Dist.] 2010, no pet.) (discussing form of affidavits sufficient to establish personal knowledge).

Appellants next contend that McKinney's affidavit statements that Appellants did not cure the default were not accompanied by production of the underlying payment history, rendering the affidavit inadmissible as hearsay evidence and not readily controvertible. To establish the amount owed, McKinney's affidavit needed to state only the total amount due on the note based on his personal knowledge as a bank officer; detailed proof of the balance of the note was not required. *See Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 99 S.W.3d 349, 356 (Tex. App.—Fort Worth 2003, no pet.); *Bohanon v. Franklin Nat'l Bank of Long Island*, 387 S.W.2d 699, 701–02 (Tex. Civ. App.—Dallas 1965, no writ). McKinney's assertions did not constitute inadmissible hearsay and were readily controvertible, and the trial court did not abuse its discretion by implicitly considering them as competent summary-judgment proof. *See Duarte-Viera*, 2016 WL 737698, at *4; *Stucki v. Noble*, 963 S.W.2d 776, 780–81 (Tex. App.—San Antonio 1998, pet. denied); *Atchley v. NCNB Tex. Nat'l Bank*, 795 S.W.2d 336, 337 (Tex. App.—Beaumont 1990, writ denied). We overrule issue three.

### B. CONCLUSIVE PROOF OF WELLS FARGO'S DAMAGES

In their first issue, Appellants argue that the trial court erred by granting summary judgment and awarding a lesser amount than that requested by Wells Fargo because the damages evidence was "conflicting and inconsistent." In their

14

second issue, Appellants contend that the trial court erred by "dismissing" their mitigation defense. Appellants do not attack any other element of Wells Fargo's claims for breaches of the contracts and guaranties and concede in their briefing that Note 1, Note 2, the credit-card account, and the attendant securing documents were valid and enforceable against them. Therefore, we will not address the propriety of the summary judgment as to liability.

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). If the plaintiff does so, the burden then shifts to the defendant as the nonmovant to raise a genuine issue of material fact precluding summary judgment. *See Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 517 (Tex. 2014). Where the nonmovant relies on an affirmative defense such as mitigation to defeat summary judgment, the nonmovant has the burden in its summary-judgment response to present

15

evidence sufficient to raise a fact issue on each element of the affirmative defense. *See Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994); *Levitin v. Michael Group, L.L.C.*, 277 S.W.3d 121, 124 (Tex. App.—Dallas 2009, no pet.); *Fid. & Deposit Co. of Md. v. Stool*, 607 S.W.2d 17, 25 (Tex. Civ. App.—Tyler 1980, no writ). Merely pleading an affirmative defense will not, without more, defeat a motion for summary judgment. *See Am. Petrofina*, 887 S.W.2d at 830.

To establish its right to damages based on the breach of the terms of the contractual documents, Wells Fargo had to show through competent summary-judgment evidence that a balance was due and owing. *See Comm'l Serv. of Perry Inc. v. Wooldridge*, 968 S.W.2d 560, 564 (Tex. App.—Fort Worth 1998, no pet.). McKinney's affidavit competently established a total balance due of $1,833,891.13. In response to this evidence, Appellants stated that a fact issue was raised on the amount of damages because "the resulting deficiency between advances and payments [as shown in the H&H Transaction History] is only $1,437,894.77, which is $395,996.36 less than the total amount sought by [Wells Fargo] in its [traditional motion for summary judgment] against [Appellants]." For actual damages, the trial court awarded the lesser amount regarding Note 1 and Note 2 conceded by Appellants—$1,437,894.77—plus $24,878.24 on the credit-card account as actual damages. Now, Appellants argue that the lower amount awarded on Note 1 and Note 2 was "an involuntary remittitur." Frankly, Appellants' argument is confusing at best, and they fail to cite any authority for

16

the proposition that an award of damages against a party in an amount judicially admitted by that party constitutes an involuntary remittitur raising a fact issue precluding summary judgment. *See Underhill v. Jefferson Cty. Appraisal Dist.*, 725 S.W.2d 301, 302–03 (Tex. App.—Beaumont 1986, no writ) (granting summary judgment based on Appellant's judicial admissions in his pleadings because "Appellant proved that part of the case for [Appellee]"); *see also Hous. First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983) ("Assertions of fact, not pled in the alternative, in the live pleadings of a party are regarded as formal judicial admissions. Any fact admitted is conclusively established . . . ."). It is enough to say that the summary-judgment evidence supported the trial court's award of damages and no fact issue was raised by Appellants' judicial admission that they owed the lower amount actually awarded. We overrule issue one.

In their second issue, Appellants argue that the trial court erred by overruling their affirmative defense of mitigation. Specifically, Appellants argue that Wells Fargo failed to properly mitigate its damages "as it relates to the foreclosure of the real property" because it offered no evidence of the property's fair market value. Wells Fargo's failure to provide proof of appropriate mitigation of their damages, Appellants assert, results in a fact issue regarding damages, precluding summary judgment.

Appellants recognize on appeal that mitigation is an affirmative defense and specifically pleaded the defense in their amended answer. But Appellants did not recognize in their motion for new trial or on appeal that they bore the

17

burden to raise a fact issue on this affirmative defense in an attempt to avoid summary judgment. *See Lunsford Consulting Grp., Inc. v. Crescent Real Estate Funding VIII, L.P.*, 77 S.W.3d 473, 476–77 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Appellants did not carry this burden. *See id.*; *Stucki*, 963 S.W.2d at 781. Appellants offered no evidence raising a fact issue on any element of their affirmative defense and improperly placed the burden to produce such evidence on Wells Fargo. Because Appellants failed to raise a genuine issue of material fact on any element of Wells Fargo's claims, which Wells Fargo conclusively established through competent summary-judgment evidence, or on their affirmative defense of mitigation, the trial court did not err by granting Wells Fargo summary judgment on its claims for breaches of the contracts and the guaranties and overruling Appellants' affirmative defense of mitigation. *See Levertov v. Hold Props., Ltd.*, No. 11-11-00284-CV, 2014 WL 887225, at *7 (Tex. App.—Eastland Feb. 27, 2014, no pet.) (mem. op.); *Lunsford*, 77 S.W.3d at 476–77. We overrule issue two.

## IV. CONCLUSION

We conclude that the trial court did not err or abuse its discretion in granting Wells Fargo judgment as a matter of law on its claims against Appellants. We affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

18

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  MEIER, GABRIEL, and SUDDERTH, JJ.

DELIVERED:  October 27, 2106